**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **RODNEY D. SNEED,** ) | |
| **ID # 039033,** ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:11-CV-3318-L-BH |
| ) | |
| **KENNETH DARBY,** ) | |
| Defendant. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been automatically referred for screening. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

**I.  BACKGROUND**

On or about November 30, 2011, Plaintiff filed a complaint using a standard form for prisoners filing a civil rights complaint under 42 U.S.C. § 1983.  Page two of the form specifically states:

> **CHANGE OF ADDRESS**
>
> It is your responsibility to inform the Court of any change of address and its effective date.  Such notice should be marked "**NOTICE TO THE COURT OF CHANGE OF ADDRESS**" and shall not include any motion(s) for any other relief.  Failure to file a **NOTICE TO THE COURT OF CHANGE OF ADDRESS** may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

On March 15, 2012, the Court mailed Plaintiff a second Magistrate Judge's Questionnaire to obtain additional information about his claims.  The questionnaire was mailed to the Navarro County Justice Center, where Plaintiff was incarcerated at the time he filed his complaint, and where prior orders have been mailed.  Unlike the prior orders, the questionnaire was returned as undeliverable on March 30, 2012, with the notations "Return to Sender," "Not Deliverable as Addressed," and

"Unable to Forward". (*See* doc. 10.) It appears that Plaintiff has been discharged from the Navarro County Justice Center and has changed addresses without notifying the Court as directed on the complaint form.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The standard complaint form specifically advised Plaintiff of his responsibility to notify the Court if he changed addresses, and it specifically warned that failure to do so could result in dismissal of this action. Despite these express instructions, he failed to notify the Court of his change in address, and orders of the Court have been returned as undeliverable. Plaintiff has given no indication that he intends to proceed with this action, and the Court should dismiss his complaint under Rule 41(b) for failure to prosecute or follow orders of the court.

## III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless Plaintiff files a change of address form within the time for objecting to this recommendation.

**SIGNED this 31st day of March, 2012.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE